# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARK GEINOSKY, | ) | |
| | ) | |
| Plaintiff, | ) | No. 10 C 1438 |
| | ) | |
| vs. | ) | Judge Darrah |
| | ) | |
| CITY OF CHICAGO, et al., | ) | Magistrate Judge Valdez |
| | ) | Jury Demand |
| Defendants. | ) | |

## CONFIDENTIAL MATTER
## PROTECTIVE ORDER

Pursuant to Federal Rules of Civil Procedure 26(c), the Illinois Freedom of Information Act (5 ILCS 120/1.05, et seq., PA 096-0542), and 45 C.F.R. §§ 160 & 164, and for the reasons set forth in the record, the Court hereby finds:

A. The following words and terms are defined for purposes of this qualified protective order:

1. Parties" shall mean plaintiff, defendant City of Chicago, the individual defendants, and any additional party that this court may subsequently recognize as subject to this qualified protective order, and their attorneys.

2. When used in this Order, the word document" or documents" means all written, recorded or graphic matter whatsoever, produced by a party pursuant to discovery, including but not limited to, documents produced by any party or non-party in this action whether pursuant to Federal Rule of Civil Procedure 34, subpoena, or by agreement, deposition transcripts and exhibits and/or any portion of any court filings that quote from or summarize any of the foregoing.

3. Confidential Matter" shall mean employment, disciplinary, financial, medical, or other information that is of a sensitive or non-public nature regarding plaintiff, defendant, non-party witnesses and non-party employees of the City of Chicago that may be subject to discovery in this action. "Confidential matter" includes, but is not limited to, personnel files, disciplinary actions, histories, and files generated by the investigation of complaints of misconduct by Chicago police officers (generally referred to as "Complaint Register" files), where no discipline has been imposed, and related information that are protected by the

*Illinois Personnel Records Review Act*, 820 ILCS 40/0.01, *et seq.* (West 2004) and the *Illinois Freedom of Information Act*, 5 ILCS 120/1, *et seq.* (West 2008) as amended, as well as personal and family information of police officers, including residential information.

For disciplinary actions, histories, and files generated by the investigation of complaints of misconduct by Chicago police officers (generally referred to as a Complaint Register files), where discipline has been imposed, those materials will also be covered by the terms of this Protective Order unless and until released by the Court from the terms of this Protective order pursuant to the release terms set forth in Paragraph C(6)(b) of this Order. In such case, the following information is to remain confidential and shall be redacted from the materials before release:

(i) All complainant, witness and third-party identifying information contained in City of Chicago Police Department Complaint Register Files ("Complaint Register Files"); and

(ii) All private and personal information regarding defendant officers, CPD employees and their families, plaintiffs, witnesses or other non-parties, including, but not limited to, social security numbers, home addresses, telephone numbers, medical and financial information, driver's license and employee numbers;

This definition of "Confidential Matter" is subject to modification by the Court upon consideration of any decision from the Seventh Circuit pertaining to these issues, including any decision in the matters of *Bond* v. *Utreras,* appeal no. 07-2651 and *Padilla v. City of Chicago, et al.,* appeal nos. 09-3268, 09-3269 and 09-3283.

B. This Order governs all discovery related to the exchange or dissemination of information or the production of documents designated as Confidential Matter.

1. The Parties recognize that it may be necessary during the course of this proceeding to produce, disclose, receive, obtain, subpoena, and/or transmit Confidential Matter of Parties and non-Parties to or from other Parties and non-Parties.

2. Subject to the provisions of Sections C(6) and (9) of this order, a judicial ruling is required before any Confidential Matter produced in the pretrial discovery process pursuant to this order can be placed under "seal" when deemed admissible and used at trial or otherwise filed with this Court so as to be of record. Further, as this protective order pertains to pretrial discovery, the parties understand that an interested member of the public has the right to challenge placement under "seal" of any document deemed admissible and used at trial or otherwise filed with this Court so as to be of record. In the event of such a challenge, the party asserting

confidentiality shall have the burden of proving the propriety of that designation.

C. The Parties will abide by the following terms and conditions:

1. The Parties will not use or disclose the Confidential Matter released in this proceeding for any other purpose or in any other proceeding.

2. All Confidential Matter produced during the course of this proceeding, including those portions of deposition exhibits containing Confidential Material, shall be returned to the producing party within sixty (60) days of the final termination of this action, and shall continue to be protected pursuant to the terms of this Protective Order after termination of this case. If the Confidential Matter is not timely returned, the producing party shall attempt in good faith to obtain the Confidential Matter, which shall include a request in writing. If the Confidential Matter is not then returned, the producing party may petition the Court for the costs and fees of compelling such return.

3. The individual pages of each document designated as Confidential Matter shall bear the following designation, or equivalent:

   **"CONFIDENTIAL: DOCUMENT PRODUCED PURSUANT TO PROTECTIVE ORDER ENTERED IN 10 C 1438**

   No document containing the "confidential" stamp or any identifying number shall be copied in whole or in part without the "confidential" designation appearing on the copy.

4. Before disclosing Confidential Matter, to any persons involved in the litigation, including but not limited to counsel, co-counsel, counsel's staff, or expert or consulting expert witnesses retained in connection with the litigation, counsel will be responsible for informing each such person that the documents or information containing Confidential Matter to be disclosed are confidential, to be held in confidence, are to be used solely for the purpose of preparing for this litigation and further, that these restrictions are imposed by a court order. Any stenographically or electronically recorded testimony regarding Confidential Material is subject to the same restrictions as the documents themselves. Before such disclosure, counsel shall also obtain from each person reviewing the Confidential Material a notarized affidavit in the form affixed hereto as Exhibit A, and shall provide, immediately after its execution, a copy of such completed affidavit to the party designating such materials Confidential.

5.  To the extent that a Party believes it has a right to redact information, it may redact such information, provided that if a party redacts information from any Confidential Matter and the face of the document itself does not make clear and obvious the nature of the information redacted, the party shall provide in writing a specific category of information redacted (for example, social security number).

6.  (a) By this Protective Order, the discovering Party does not waive its right to make application to the court, with proper notice, under the procedure set out by the court or under applicable rules, to the responding Party and other Parties to the litigation, for a determination that any document designated as Confidential Matter produced by the responding party does not contain sensitive and non-public information, or that in certain circumstances the information should be released from the provisions of this Protective Order. If a dispute does arise concerning the propriety of designating particular documents as confidential, whether certain documents or information should be released from the provisions of this Protective Order, or concerning any other matter relating to the application of this order, counsel shall attempt to resolve the dispute by agreement before asking the court to resolve the dispute pursuant to the applicable Federal Rules of Civil Procedure. The standard relevant to this determination is that of "good cause" under Fed.R.Civ.P. 26(c).

    (b) For any Complaint Register Files or Complaint Histories which contain allegations for which discipline was imposed, which are still not pending or open, for which an affidavit or similar sworn testimony was filed in support of the allegations, the discovering party must provide a copy of any such document(s) proposed to be released from the terms of this Order thirty (30) days prior to such proposed public release, to the producing party, to ensure that (i) the document qualifies under this provision; (ii) if so, the proper redactions have been made of the specific information still qualifying for protection under this Order under paragraph (A)(6), above, and (iii) that the particular Complaint Register File or Complaint History or other information contained in such File or History should not also be deemed Confidential Matter for "good cause" shown under Fed.R.Civ.P. 26(c) based on applicable exemptions of the Illinois Freedom of Information Act or any other basis. If any disputes arise pursuant to the application of this provision, such document(s) cannot be released from this Order without a final determination by this Court, based on an in camera review of the materials by this Court..

7.  Nothing in this Protective Order shall be deemed a waiver of the right of any Party to object to a request for discovery on the basis of relevance, materiality, privilege, over breadth or any other recognized objection to discovery.

8. This Protective Order may be modified by further written stipulation signed by Parties with approval of this Court or by further order of this Court upon application to the Court with notice.

9. No restricted or sealed document is to be filed with the Clerk of the Court unless leave of court to file the particular document(s) is specifically obtained by the Court.

ENTER: _____
JOHN W. DARRAH
DISTRICT COURT JUDGE
UNITED STATES DISTRICT COURT

DATED: _____

## EXHIBIT A

| | | |
|---|---|---|
| MARK GEINOSKY, | ) | |
| | ) | |
| Plaintiff, | ) | No. 10 C 1438 |
| | ) | |
| vs. | ) | Judge Darrah |
| | ) | |
| CITY OF CHICAGO, et al., | ) | Magistrate Judge Valdez |
| | ) | Jury Demand |
| Defendants. | ) | |

## A F F I D A V I T

I, _____, having been duly sworn upon oath, deposes and states as follows:

1. I have read and know the contents of the Qualified HIPAA AND CONFIDENTIAL MATTER PROTECTIVE ORDER ("Protective Order") entered by the Court in the above-captioned case on _____, 20\_\_.

2. I am one of the persons described in paragraph C(6) of the Protective Order and I am executing this Affidavit and agreeing to enter into this stipulation in order to satisfy the conditions provided in paragraph C(6) of the Protective Order prior to the disclosure to me of any Confidential Material as said terms are defined and described in the Protective Order.

3. I expressly represent and agree that:

(a) I have read and shall be fully bound by the terms of the Protective Order;

(b) all such Confidential Material disclosed to me pursuant to the Protective Order shall be maintained by me in strict confidence and I shall not disclose or use the original or any copy of, or the subject matter of, the Confidential Material except in accordance with the Protective Order.

(c) I shall not disclose the contents or subject matter of all such Confidential

Material to anyone, other than in accordance with the Protective Order, at anytime hereinafter; and,

(d) I shall, upon being notified of the termination of the above-entitled action, proffer the return of all copies of all Confidential Material to the counsel having designated such documents and/or information confidential, or to the counsel providing the Confidential Material to me for purposes of returning the Confidential Material to the counsel having designated such documents and/or information confidential pursuant to the terms of the Protective Order.

4. I do and shall subject myself to the continuing jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division over my person, wherever I shall be, for the enforcement of any United States District Court's order to be entered pursuant to the Protective Order or this Affidavit.

FURTHER AFFIANT SAYETH NOT.

_____
Printed Name__

SUBSCRIBED and SWORN to
before me this ___ day
of _____, 20__.

_____
Notary Public