## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| MARK GEINOSKY | ) | |
| | ) | |
| Plaintiff, | ) | No. 10 C 1438 |
| | ) | |
| v. | ) | Judge John W. Darrah |
| | ) | Magistrate Judge Maria Valdez |
| CITY OF CHICAGO, et al., | ) | |
| | ) | Jury Demand |
| Defendants. | ) | |

## DEFENDANTS KENNETH WILKERSON AND STEVEN SABATINO'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants Kenneth Wilkerson and Steven Sabatino, by and through their attorneys, Mary McDonald, Anne Preston, and Colleen DeRosa, Assistant Corporation Counsel for the City of Chicago, move this Honorable Court to dismiss the Plaintiff's First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6).  In support thereof, Defendants state as follows:

## INTRODUCTION

Mark Geinosky ("Plaintiff") filed his First Amended Complaint ("Complaint") on September 3, 2010, against Chicago Police Officers Kenneth Wilkerson, Steven Sabatino, Horst Hegewald, William Whelehan, Paul Roque, Jennifer Fregeau, Brian Reidy, Luis Aguilar, and the City of Chicago.  Plaintiff alleges that the Defendants issued twenty-four unsubstantiated parking tickets to a vehicle that was registered to Plaintiff.  *See* First Amended Complaint ("Amend. C.") at ¶ 9. Although Plaintiff only claims to have had possession of the vehicle from January 2008 to September 2008, the tickets allegedly issued to the Plaintiff span fourteen months, from October 2007 to December 2008.  Amend. C. at ¶¶ 9, 10, 38, 78.   Plaintiff maintains that Defendants issued these baseless tickets as part of their plot with Plaintiff's ex-wife to exact revenge upon him. Amend. C. at ¶ 9.  Although he successfully contested each of these tickets before an administrative law officer, Plaintiff now asserts that he is entitled to recover compensatory and punitive damages

for violations of his constitutional rights pursuant to 42 U.S.C. § 1983. Amend. C. at ¶¶ 32, 40, 65, 74, 91, 101, 105. Thus, Plaintiff has not alleged any deficiency in the appeals process, as he successfully exercised his rights and each of these tickets has been dismissed. *Id.* Defendants Wilkerson and Sabatino ("Defendants") respectfully ask this Court to dismiss Plaintiff's class of one equal protection claim (Count I), substantive due process claim (Count II), and civil conspiracy claim (Count III) against them pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiff failed to plead facts that plausibly support the elements of any of these claims.

## STANDARD OF REVIEW

In ruling on a motion to dismiss, this Court must accept as true all well pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). Although a plaintiff may plead conclusions along with the material facts, a plaintiff cannot satisfy the federal pleading requirements by merely attaching bare legal conclusions "without further factual enhancement." *Perkins v. Silverstein*, 939 F.2d 463, 466-467 (7th Cir. 1991); *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). A complaint will not avoid dismissal if it contains "bare legal conclusions" absent facts outlining the basis for the claims. *See Curtis v. City of Chicago*, No. 01 C 8004, 2002 WL 31803597 (N.D. Ill., Dec. 13, 2002) (citing *Perkins*, 939 F. 2d at 467).

## ARGUMENT

I.  **Plaintiff's Purported Constitutional Claims That Arise From Parking Tickets Allegedly Issued Prior to March 3, 2008, Are Time-Barred.**

This Court should dismiss Plaintiff's constitutional claims which are premised on ten parking tickets issued between October 2007 and January 2008 because they are time-barred. The statute of limitations for section 1983 claims is the state law statute of limitations for personal injury claims. *Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005) (per curiam). In Illinois the statute of limitations for section 1983 claims is two years. *Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993).

Plaintiff asserts that other named defendants in this case issued ten tickets between October 2007 and January 2008, all of which Plaintiff contested and an administrative law officer dismissed without penalty. Amend. C. at ¶¶ 32, 40, 65, 74, 91, 105. However, Plaintiff waited until March 3, 2010, to file the instant action. Thus, any claims arising from the tickets Plaintiff alleges to have received prior to March 2008 are time-barred.

Furthermore, this Court should strike the allegations in the Complaint relating to these parking tickets because Plaintiff has bootstrapped these extraneous, stale allegations to his Complaint by labeling them as "Background" to bolster Plaintiff's timely claims. Amend. C. at ¶¶ 9-41. These allegations are extremely prejudicial against the movants, as other defendants allegedly issued these time-barred tickets. Therefore, this Court should dismiss with prejudice all claims based on parking tickets allegedly issued prior to March 3, 2008, and strike any reference to them.

**II.  Plaintiff Failed to Plead Facts Sufficient to Support the Elements of a Class of One Equal Protection Claim.**

Defendants respectfully ask this Court to dismiss Count I of the Complaint because Plaintiff's allegations are insufficient to sustain a class of one equal protection claim for three reasons. First, Defendants' alleged issuance of parking tickets constitutes discretionary police conduct that falls beyond the parameters of an actionable class of one equal protection claim. Second, Plaintiff failed to allege facts to identify other similarly situated people who were treated differently from Plaintiff. Finally, Plaintiff's conclusory allegations fail to negate any legitimate purpose that may be hypothesized to justify Defendants' alleged actions.

**A.  Police Officers' Actions in Issuing Parking Tickets Constitute Discretionary Conduct to Which a Class of One Equal Protection Claim is Inapplicable.**

This Court should dismiss Count I of the Complaint because the issuance of parking tickets constitutes a discretionary function of police officers, which cannot form the basis for a class of one equal protection claim.

The guarantees of the Equal Protection Clause are not triggered by a police officer's actions based on the discretionary considerations that are inherent to the officer's job duties. *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 128 S. Ct. 2146, 2154 (2008) (citing *Vill. of Willowbrook v. Olech*, 528 U.S. 562 (2000)); *Williamson v. Curran*, No. 09 C 562, 2009 WL 3817613, at *5 (N.D. Ill. Nov. 12, 2009) (J. Darrah). The U.S. Supreme Court recognized in *Engquist* that "treating like individuals differently is an accepted consequence of the discretion granted" to police officers in carrying out the diverse demands of enforcing the law, and therefore, this kind of dissimilar treatment does not support a class of one equal protection claim. *Id.* Indeed, the U.S. Court of Appeals of the Seventh Circuit (the "Seventh Circuit") has interpreted the *Engquist* decision to establish that plaintiffs cannot state class of one equal protection claims based on conduct that is "discretionary by design." *Avila v. Pappas*, 591 F.3d 552, 554 (7th Cir. 2010).

The *Engquist* Court clearly stated that the issuance of traffic citations is discretionary:

> But assuming that it is in the nature of the particular government activity that not all speeders can be stopped and ticketed, complaining that one has been singled out for no reason does not invoke the fear of improper government classification. Such a complaint, rather, challenges the legitimacy of the underlying action itself-the decision to ticket speeders under such circumstances . . . allowing an equal protection claim on the ground that a ticket was given to one person and not others, even if for no discernible or articulable reason, would be incompatible with the discretion inherent in the challenged action. It is no proper challenge to what in its nature is a subjective, individualized decision that it was subjective and individualized.

128 S.Ct. at 2154. Therefore, under the judicially-crafted class of one theory, a crucial consideration in recognizing a claim is "the existence of a clear standard against which departures, even for a single plaintiff, [can] be readily assessed." *Id.* at 2153; *Abcarian v. McDonald*, No. 09 C 3208, 2010 WL 3189153, at *6 (7th Cir. 2010).

Just as with speeding tickets, police officers must make individualized determinations of a vehicle's compliance with parking regulations when they issue parking tickets. While some vehicles may be parked illegally and not ticketed, other vehicles may be parked legally and erroneously

ticketed, because a natural consequence of government actors exercising discretion is that like individuals will be treated differently. *See Engquist*, 128 S. Ct. at 2154. Unfair and unfortunate as this result may be, it is not an equal protection violation.

Defendants could not have violated Plaintiff's constitutional rights under a class of one equal protection theory based on Plaintiff's allegations, because issuing parking tickets requires police officers to make subjective and independent determinations to a particular vehicle. Recognizing claims for speeding tickets, as in *Engquist*, or parking tickets, as in the instant case, based on subjective determinations more properly suited for law enforcement professionals and without a clear benchmark upon which an equal protection violation can stand would overwhelmingly strain the limited resources of the federal courts. Therefore, this Court should dismiss Count I of the Complaint.

> **B.      Plaintiff Failed to Allege that Defendants Treated Him Differently from Any Similarly Situated Individuals.**

Even if this Court finds that the act of issuing parking citations can provide the basis for a class of one equal protection claim, this Court should dismiss Plaintiff's claim for failure to plead that Plaintiff was treated differently from similarly situated individuals.

An equal protection class of one claim may be asserted where "(1) the plaintiff alleges that he has been intentionally treated differently from others similarly situated and (2) that there is no rational basis for the difference in treatment or the cause of the differential treatment is a 'totally illegitimate animus' toward the plaintiff by the defendant." *McDonald v. Vill. of Winnetka*, 371 F.3d 992, 1001 (7th Cir. 2004). To establish a class of one claim, Plaintiff must show that he "has intentionally been treated differently from other similarly situated facilities." *Maulding Dev., LLC v. City of Springfield, Ill.,* 453 F.3d 967, 970 (7th Cir. 2006).

To be similarly situated, an individual must be "*prima facie* identical in all relevant respects . . . or directly comparable . . . in all material respects." *Racine Charter One, Inc. v. Racine Unified Sch. Dist.,*

424 F.3d 677, 680 (7th Cir. 2005) (internal citations omitted). In this way, the plaintiff's burden to show disparate treatment is equally as high in a class of one claim as in a general equal protection claim. *McDonald*, 371 F.3d at 1003. But, this threshold showing is crucial to the integrity of the equal protection doctrine because "[d]ifferent treatment of dissimilarly situated persons does not violate the equal protection clause." *Maulding Dev., LLC v. City of Springfield, Ill.*, 453 F.3d 967, 970 (7th Cir. 2006).

The Seventh Circuit's opinion in *McDonald* demonstrates the importance of identifying a similarly situated individual when pleading a class of one equal protection claim. In that case, the plaintiff's home was burned down by a fire, and the fire department determined that the plaintiff possibly committed arson and reported its findings to federal authorities. 371 F.3d at 993. Plaintiff brought a class of one equal protection claim arguing that he was similarly situated to every resident who had a residential structural fire and that he was treated differently because only in his case did the fire department fail to rule out all non-arson causes before making its determination. *Id.* at 1006. The Seventh Circuit rejected the claim holding that the plaintiff failed to specifically identify a similarly situated individual and emphasizing that the purpose of recognizing a class of one equal protection claim is "not to constitutionalize all tort law nor to transform every claim for improper provision of municipal services or for improper conduct of an investigation in connection with them into a federal case." *Id.* at 1009. Rather, a "meaningful application of the 'similarly situated' requirement is important to avoiding a distortion of the scope of protection in 'class of one' equal protection claims." *Id.*

In the case at bar, just as in *McDonald*, the Complaint fails to allege that Defendants intentionally treated the Plaintiff different from anyone similarly situated. In fact, the *McDonald* Court vehemently rejected the strategy that Plaintiff now employs of distorting the scope of the Equal Protection Clause to encompass a claim based on municipal parking tickets. *See* 371 F.3d at

1009. Plaintiff has failed to identify any person who: transferred possession of his vehicle to another individual from October 2007 to January 2008, but retained title in his name; regained possession of his vehicle from January 2008 to September 2008; and sold his vehicle to another individual in September 2008, no longer retaining title in his name. *See* Amend. C. at ¶¶ 10, 38, 78. Nor does Plaintiff allege that Defendants intentionally chose not to issue parking tickets to any similarly situated person. Because the comparator must be *prima facie* identical in all relevant respects, Plaintiff's allegations cannot sustain a class of one equal protection claim.

Moreover, the Complaint does not comply with the pleading standards required to survive a motion to dismiss under *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Plaintiff states the bare legal conclusion that Defendants intentionally treated him differently from similarly situated people, Amend. C. at ¶ 110, but the Complaint is completely void of any factual allegations in support of this conclusion. Therefore, the Complaint fatally lacks allegations to establish the first element of a class of one equal protection claim, and in effect, Plaintiff asks this Court to expand the class of one equal protection theory far beyond its proper bounds and inject federal courts into trivial parking ticket challenges. For these reasons, this Court should dismiss Count I of the Complaint.

**C.     Plaintiff Failed to Plead Facts to Negate Any Legitimate Reason for Defendants' Alleged Actions.**

Plaintiff has also failed to allege facts to support the second element of a class of one equal protection claim because Plaintiff has not countered any hypothesized rational or legitimate reason for the Defendants' alleged actions. The Plaintiff bears the burden to show no rational basis exists for Defendant's conduct; however, Defendants submit to this Court that Plaintiff cannot possibly meet this burden on the facts alleged in the Complaint.

This Court recently noted that the plaintiff carries the burden in a class of one equal protection claim, even at a motion to dismiss stage, "to negative any reasonably conceivable state of facts that could provide a rational basis" for the alleged conduct. *Muczynski v. Lieblick*, No. 10 C

0081, 2010 WL 3328203, at *3-*4 (N.D. Ill. Aug. 19, 2010) (citing *Lauth v. McCollum*, 424 F.3d 631, 634 (7th Cir. 2005)). Thus, in a class of one action, a "presumption of rationality" applies to classifications that the government makes among citizens. *Wroblewski v. Washburn*, 965 F.2d 452, 460 (7th Cir. 1992).

Plaintiffs bringing class of one equal protection claims have a difficult burden to overcome, as actions taken by government officials fail under rational basis review only if "no sound reason for the action can be hypothesized." *Lamers Dairy Inc. v. U.S. Dep't of Agric.*, 379 F.3d 466, 473 (7th Cir. 2004). However, the *Lauth* court explained that this threshold showing prevents "endless vistas of federal liability" that would explode if "any unexplained or unjustified disparity in treatment" by government actors constituted an equal protection claim. 424 F.3d at 633.

In *Flying J. v. City of New Haven*, 549 F.3d 538, 541-42 (7th Cir. 2008), the Seventh Circuit addressed the class of one equal protection claim brought by a real estate developer who had purchased over fifty acres of land to construct a travel plaza and other commercial developments. When an ordinance enacted in the City of New Haven stymied the developer's initial plans, he successfully challenged the ordinance, but the City responded by specifically amending the zoning ordinance to again frustrate his plans. *Id.* In the subsequent federal civil lawsuit, the trial court ruled in favor of the defendants' motion to dismiss the developer's class of one equal protection claim, and the Seventh Circuit affirmed. *Id.* at 547. The Seventh Circuit disregarded plaintiff's conclusory allegations that the defendants were "maliciously and spitefully" motivated, and held that "allegations of animus are only considered once the plaintiff has pled sufficient facts to demonstrate the irrationality of the government action." *Id.* at 547-48.

The rationale of the Seventh Circuit in *Flying J.* is directly applicable in the case at bar. Plaintiff failed to plead sufficient facts to overcome the presumption of rationality associated with the Defendants' actions, because he failed to state any illegitimate purpose for them whatsoever.

Plaintiff's merely conclusory statement that the Defendants issued parking tickets to him in a plot to exact vengeance against him on behalf of his ex-wife, Amend. C. at ¶ 9, cannot alone sustain his claim.  According to the court in *Flying J.*, conclusory statements are insufficient to counter the presumed rationality of government action.  549 F.3d at 547.  Moreover, animus is not a consideration unless no "imaginable" rational reason or motive exists for Defendants' conduct.  *See Lauth*, 424 F.3d at 634.  This significant limitation also guards federal courts from a deluge of class of one equal protection lawsuits based on nothing more than allegedly erroneous parking tickets.  *See Bell v. Duperrault*, 367 F.3d 703, 709 (7th Cir. 2004); *Muczynski*, 2010 3328203, at *4.

Clearly, Plaintiff has alleged that Defendants acted with vengeance and animosity towards him; however, Plaintiff has failed to allege facts to support the first two elements of a class of one equal protection claim, (1) intentional disparate treatment that (2) lacks a rational or legitimate purpose, which must be supported before this Court should consider personal animus.  Plaintiff's speculation that the tickets are a byproduct of a conspiracy between his ex-wife and the Defendants is nothing more than conjecture without any factual support.  He has not plead that he has actual or constructive knowledge of any relationship between his ex-wife and the Defendants, nor has he plead any factual allegations which would support his belief.

Therefore, Plaintiff's conclusory accusations fail to adequately support a class of one equal protection claim because they fail to disprove any hypothetical rational basis for the Defendants' alleged conduct.  Animus alone cannot support Plaintiff's claim.  For all of these reasons, Defendants respectfully request that this Court dismiss Count I of the Complaint.

### III. Plaintiff Failed to Allege Facts Sufficient to Support the Elements of a Substantive Due Process Claim.

Defendants respectfully ask this Court to dismiss Count II of the Complaint as Plaintiff has failed to state a substantive due process claim on three independent bases.  First, Plaintiff has not alleged deprivation of a fundamental right, or any life, liberty, or property interest as required to

trigger the protections embodied within the Due Process Clause. Even if this Court deems that the Plaintiff sufficiently plead the deprivation of a property interest, his substantive due process claim must fail because he successfully pursued the remedies provided under Illinois state law for challenging parking citations. Finally, Defendants' alleged conduct of issuing baseless parking citations does not come near the level of severity or irrationality required to sustain a substantive due process claim.

### A. Plaintiff's Allegations Do Not Implicate A Recognized Fundamental Right or Any Life, Liberty, or Property Interest Protected by the Fourteenth Amendment.

This Court should dismiss Plaintiff's substantive due process claim because Plaintiff has not alleged the deprivation of a fundamental right, or of any life, liberty, or property interest.

Substantive due process is an extremely limited avenue for relief, and one which the U.S. Supreme Court has "been reluctant to expand," noting that judicial restraint is required in order to avoid abrogating the policy decisions from "the arena of public debate and legislative action." *Washington v. Glucksberg*, 521 U.S. 702, 720-21 (1997). Thus, the Due Process Clause provides heightened protection to only a short list of fundamental rights. *Id.* at 719. This first step in analyzing the substantive due process is crucial to maintaining the integrity of the doctrine, as the U.S. Supreme Court has stated, "we must never forget, that it is *a constitution* we are expounding." *Daniels v. Williams*, 474 U.S. 327, 332 (1986) (emphasis in original).

In the context of traffic citations, the Seventh Circuit recently addressed a substantive due process challenge similar to Plaintiff's claim in this case. *Idris v. City of Chicago*, 552 F.3d 564, 566 (7th Cir. 2009). In *Idris*, the plaintiff challenged the City of Chicago's municipal code that issued traffic citations to the owner of a vehicle photographed running red lights even if someone else was driving the vehicle at the time of the violation. 552 F.3d at 565. The Seventh Circuit explicitly held that "substantive due process depends on the existence of a fundamental liberty interest." *Id; see also*

*Hanson v. Dane County, Wis.*, 608 F.3d 335, 338 (7th Cir. 2010) (stating that the substantive due process doctrine is limited to infringement of fundamental rights). Finding that individuals have no fundamental right to run red lights or to avoid being filmed on public streets, and that a $90 fine for a traffic infraction is too insignificant to constitute a property interest protected by the Constitution, the Seventh Circuit affirmed the district court's dismissal of the plaintiff's substantive due process claim. *Id.* at 566.

Just as in *Idris*, the Plaintiff asserts that he was issued parking citations as the registered owner of the vehicle, and not because he committed any parking violations. These allegations cannot support a substantive due process claim because Defendants' alleged issuance of numerous parking tickets does not implicate any of the Plaintiff's fundamental rights. Therefore, this Court's dismissal of Count II is warranted and proper because Plaintiff's claim contravenes a recent Seventh Circuit holding that directly addresses substantive due process claims arising from municipal traffic citations.

Not only has Plaintiff failed to allege deprivation of a fundamental right, but also Plaintiff failed to allege that the Defendants' conduct deprived him of any life, liberty, or property interest. Even in cases where no fundamental right is implicated, a plaintiff still must show the threshold requirement rooted in the language of the Fourteenth Amendment, which reads, "[n]or shall any State deprive any person of life, liberty, or property, without due process of law." *Glucksberg*, 521 U.S. at 722; *Daniels*, 474 U.S. at 331. Like a procedural due process claim, a substantive due process claim is predicated upon the deprivation of some interest, in life, liberty, or property. *Wroblewski*, 965 F.2d at 457.

Courts have consistently required plaintiffs to define the interest taken from them because of the alleged government action in order to sustain a substantive due process claim. In some cases, the deprivation is fairly obvious, such as the loss of life resulting from a high-speed police chase,

*County of Sacramento v. Lewis*, 523 U.S. 833 (1998), or the right to physician-assisted suicide, *Washington v. Glucksberg*, 521 U.S. 702 (1997). In other cases, the liberty interest is carefully framed, for example, the interest in obtaining a post-secondary degree, *Galdikas v. Fagan*, 342 F.3d 684, 689 (7th Cir. 2003), or the interest in a free public education through high school, *Dunn v. Fairfield*, 158 F.3d 962, 964 (7th Cir. 1998). Recognized property interests may include a restaurant license, *Contreras v. City of Chicago*, 119 F.3d 1128, 1295 (7th Cir. 1997), an impounded vehicle, *Lee v. City of Chicago*, 330 F.3d 456, 467 (7th Cir. 2003), or a $90 fine for a traffic violation, *Idris*, 552 F.3d at 566.

In the case at bar, the Complaint lacks factual allegations to support a reasonable inference that Defendants' conduct deprived the Plaintiff of a life, liberty, or property interest. The allegations merely demonstrate that Plaintiff received parking tickets as the registered owner of a vehicle, Plaintiff contested each of the tickets before the administrative law officer, and the administrative law officer dismissed each of the tickets without penalty. While Plaintiff' allegations blatantly paint the Defendants as vengeful wrongdoers, Amend. C. at ¶ 9, the allegations do not identify a constitutionally protected interest that Defendants' took from the Plaintiff. Therefore, this Court should dismiss Count II of Plaintiff's Complaint.

### B. Plaintiff's Substantive Due Process Claim Is Precluded Because He Successfully Contested Each Parking Ticket.

In the alternative, Defendants respectfully request this Court to dismiss Plaintiff's substantive due process claim because plaintiff successfully obtained the appropriate relief through the administrative process. On this basis, both the substantive due process doctrine and the doctrine of *res judicata* bar the Plaintiff's claim.

A plaintiff claiming a substantive due process violation for deprivation of a property interest must demonstrate "that state-law remedies are inadequate or that an independent constitutional right has been violated." *Lee*, 330 F.3d at 467. For example, in *Gable v. City of Chicago*, 296 F.3d 531, 541 (7th Cir. 2002), the court noted that Illinois law would provide adequate relief to plaintiff who

claimed substantive due process violations when their vehicles were impounded and damaged at the impound lot. This legal rubric ensures that the Fourteenth Amendment not be used inappropriately as "blanket protection against unjustifiable interferences with property." *Lee*, 330 F.3d at 467 (citing *Schroeder v. City of Chicago*, 927 F.2d 957, 967 (7th Cir. 1991)). It also maintains the role of federal courts in adjudicating real controversies among adversaries, instead of "serving as appellate board within the state's administrative hierarchy." *LeRoy v. Ill. Racing Bd.*, 39 F.3d 711, 716 (7th Cir. 1994).

Further, the Seventh Circuit has twice indicated that the doctrine of *res judicata* may be grounds for dismissal of section 1983 claims based on the issuance of traffic citations. *See Idris*, 552 F.3d at 565; *Schor v. City of Chicago*, 576 F.3d 775, 778 (7th Cir. 2009); *see also Akbar v. Daley*, No. 09 CV 1289, 2009 WL 3055322, at *3 (N.D. Ill. Sept. 18, 2009). *Res judicata* precludes parties from re-litigating issues that could have previously decided on the merits in a case that has already reached a final judgment on the merits. *San Remo Hotel, L.P. v. City and County of San Francisco, Cal.*, 545 U.S. 323, 336-37 (2005). In federal courts, 28 U.S.C. § 1738 demands full faith and credit be given to judicial proceedings of the States, which has been held to embody both the doctrines of *res judicata* and collateral estoppel. *Id.* at 336.

In this case, Plaintiff contested each ticket he received on the vehicle registered in his name, and an administrative law officer dismissed each ticket. Amend. C. at ¶¶ 32, 40, 65, 74, 91, 101, 105. The Complaint demonstrates that Plaintiff took full advantage of the state law remedies available to him and that Plaintiff's rights have been vindicated through the appropriate administrative processes culminating in the dismissal of the tickets. Thus, Plaintiff has plead himself out of a substantive due process claim. For these reasons, this Court should bar Plaintiff's claim under *res judicata* based on the prior adjudication of Plaintiff's parking tickets through administrative hearings. Therefore, this Court's dismissal of Plaintiff's substantive due process claim is warranted and proper.

**C. The Defendants' Alleged Conduct Does Not Rise to the Level of Arbitrary or Conscience-Shocking Behavior Sufficient to Support a Substantive Due Process Claim.**

Finally, this Court should dismiss Count II because Plaintiff's allegations as to Defendants' conduct do not meet the level of egregiousness required to state a substantive due process violation.

Because of the limited breadth of the substantive due process doctrine, "only the most egregious official conduct" is considered arbitrary or "shocks the conscience" such that it violates the substantive due process rights of the plaintiff. *Dunn*, 158 F.3d at 965 (citing *Lewis*, 532 U.S. at 1716). The guarantees of the Fourteenth Amendment are not triggered whenever a government official allegedly causes harm. *Id.* at 964. Rather, the narrow scope of government action that rises to the level of an actionable substantive due process claim is illustrated by U.S. Supreme Court and Seventh Circuit precedent. In comparison to other cases, the issuance of erroneous parking tickets comes nowhere near the severity required to sustain a substantive due process claim. Even the tragic deaths caused by high-speed police chases have not been found to violate substantive due process. *See Lewis*, 523 U.S. at 855; *Bublitz v. Cottey*, 327 F.3d 485, 491-91 (7th Cir. 2003).

Plaintiff's claim asks this Court to drastically expand due process protections and to embroil this Court in a relatively trivial dispute that has already been resolved through the administrative process. Because the Defendants' alleged conduct does not rise to the level of conscious-shocking behavior that sufficiently supports a substantive due process claim, this Court should dismiss Count II of the Complaint.

**IV. Plaintiff's Civil Conspiracy Claim under Section 1983 Must Fail Because Plaintiff Has Not Been Denied of a Constitutionally Protected Right.**

Plaintiff failed to sufficiently plead facts to support the elements of either of his independent constitutional claims, and therefore, his civil conspiracy claim must also fail.

This Court recently held that a section 1983 conspiracy claim cannot serve as an alternative theory of liability if no other constitutional violation exists. *Smith v. Vill. of Dolton*, No. 09 C 6351,

2010 WL 744313, at *4 (N.D. Ill. Feb. 25, 2010) (J. Darrah). Thus, the threshold element of a section 1983 conspiracy claim is the deprivation of a civil right by persons acting under color of state law. *Reynolds v. Jamison*, 488 F.3d 756, 764 (7th Cir. 2007). Defendants cannot be held liable for conspiracy to violate a plaintiff's constitutional rights when the alleged conspiring did not actually deprive the plaintiff of any constitutionally protected right. *Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 423 (7th Cir. 2000).

As argued above, the Complaint cannot withstand this motion to dismiss on either the class of one equal protection claim or the substantive due process claim against the Defendants, because Plaintiff has failed to plead facts sufficient to support the elements of these claims. For this reason, Plaintiff's civil conspiracy claim must also fail as a matter of law, because a civil conspiracy claim cannot serve as an independent theory of liability. Absent an underlying constitutional violation, which does not exist in the case at bar, Plaintiff cannot sustain his section 1983 civil conspiracy claim. Therefore, this Court should dismiss Count III of the Complaint as a matter of law.

## CONCLUSION

WHEREFORE, for all of the foregoing reasons, Defendants Kenneth Wilkerson and Steven Sabatino respectfully request this Honorable Court to dismiss Counts I, II, and III of the Plaintiff's First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

_/s/ Mary S. McDonald_
Mary S. McDonald
Assistant Corporation Counsel
Attorney No. 0619995

_/s/ Anne Preston_
Anne Preston
Assistant Corporation Counsel
Attorney No. 6287125

*/s/ Colleen G. DeRosa*
Colleen G. DeRosa
Special Assistant Corporation
Counsel
Attorney No. 6301589

Attorneys for Defendants Kenneth Wilkerson and Steven Sabatino
City of Chicago, Department of Law
30 N. LaSalle St., Suite 900
Chicago, Illinois  60602
(312) 744-8307