UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARK GEINOSKY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 10 C 1438 |
| v. ) | |
| ) | Judge John W. Darrah |
| CITY OF CHICAGO, et al. ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Mark Geinosky, brought this § 1983 action against the City of Chicago and eight Chicago Police Officers, alleging that Defendants maliciously issued twenty-four baseless parking tickets to Geinosky during the fourteen-month period from October 2007 through December 2008. Before the Court is Defendants' Motion to Dismiss.

## BACKGROUND

The following facts are drawn from Plaintiff's First Amended Complaint and are presumed true for purposes of this motion.

Plaintiff is a resident of Orland Park, Illinois. Defendant Officers are officers of the Chicago Police Department and members of Police Department Unit 253.

On October 6, 2007, Plaintiff separated from his wife of twenty years. As part of the separation, Plaintiff's wife was permitted to use one of the family vehicles, a Toyota, though the car remained registered in Plaintiff's name.

Shortly after the separation, Plaintiff began to receive parking tickets in the mail for the Toyota that his wife was using. The first batch of tickets received by Plaintiff contained four tickets – all for violations allegedly occurring on October 19, 2007. Three of the tickets stated

that the violations occurred at 4600 South Winchester in Chicago at 11:00 p.m. These tickets were for parking within fifteen feet of a fire hydrant, parking in a crosswalk and obstructing a roadway. The fourth ticket stated that the violation occurred at 11:20 p.m. at 1658 West 47 Street in Chicago (about half a mile away from the location listed on the other three tickets). The fourth ticket was for parking in a bus/taxi/carriage stand. The four tickets totaled $315.00. All four were issued by Defendant Officer Horst Hegewald.

Plaintiff had not committed these parking violations. Plaintiff's wife informed him that she had not committed the violations either.

Over the next fourteen months, Plaintiff received twenty more parking tickets for the Toyota. All were issued by officers who were assigned to Unit 253. The tickets continued to arrive after Plaintiff received possession of the Toyota from his wife in January 2008. The tickets continued even after the Toyota was no longer registered to Plaintiff. None of the violations set out in the tickets had any basis in fact, and Plaintiff was able to successfully contest all twenty-four tickets.

On March 3, 2010, Plaintiff filed suit against the City of Chicago and Defendant Officers. Plaintiff alleges a "class of one" equal-protection claim (Count I), a substantive due-process claim (Count II) and a claim for civil conspiracy (Count III).

## LEGAL STANDARD

In ruling on a motion to dismiss, the court must accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the plaintiff. *Sprint Spectrum L.P. v. City of Carmel, Ind.*, 361 F.3d 998, 1001 (7th Cir. 2004). Federal Rule of Civil Procedure 8(a)(2) requires that the complaint contain a "short and plain statement of the claim

showing that the pleader is entitled to relief." To meet Rule 8(a)(2)'s requirements, the complaint must describe the claim in sufficient detail to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964 (2007) (*Twombly*) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiff's allegations "must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (*Concentra*) (citing *Twombly*, 550 U.S. 544, 127 S. Ct. at 1965, 1973 n. 14).

## ANALYSIS

### *Statute of Limitations*

A two-year statute-of-limitations period governs § 1983 claims in Illinois. *See Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005). Defendants argue that claims based on parking tickets issued before March 3, 2008 – two years before Plaintiff filed suit – should be dismissed as time-barred.

Plaintiff argues that all his claims are timely because all the tickets were issued as part of the same conspiracy, and the last ticket was issued inside the two-year statute of limitations. Plaintiff cites *Scherer v. Balkema*, 840 F.2d 437 (7th Cir. 1988) (*Scherer*), for the proposition that "[t]he statute of limitations on a civil conspiracy claim does not begin to run until the last overt act is taken in furtherance of the conspiracy." Pl.'s Resp. 2. However, *Scherer* does not support Plaintiff's position. It holds that a civil-conspiracy plaintiff may recover "only for overt acts alleged to have occurred within the applicable limitations period." *Scherer*, 840 F.2d at 440.

Therefore, Plaintiff's claims are time-barred to the extent they are based on acts occurring prior to March 3, 2008.

*Equal Protection – Class of One (Count I)*

To state a class-of-one equal-protection claim, a plaintiff must allege (1) that he has been intentionally treated differently than others similarly situated and (2) that there is no rational basis for the difference in treatment or that the difference is the result of illegitimate animus toward the plaintiff by defendant. *McDonald v. Village of Winnetka*, 371 F.3d 992, 1001 (7th Cir. 2004) (*McDonald*). Defendants raise a number of arguments against Plaintiff's equal-protection claim.

Defendants first argue that issuing parking tickets is discretionary conduct and is therefore not subject to a class-of-one equal-protection claim. Defendants assert that the Supreme Court, in *Enquist v. Oregon Department of Agriculture*, 553 U.S. 591 (2008) (*Enquist*), "recognized . . . that 'treating like individuals differently is an accepted consequence of the discretion granted' to police officers in carrying out diverse demands of enforcing the law." Defs.' Br. 4 (quoting *Enquist*, 553 U.S. at 603). Contrary to Defendants' assertion, *Enquist* did not deal with "discretion granted to police officers"; rather, it dealt with government discretion in the public employment context. *Enquist*, 553 U.S. at 600. Furthermore, to the extent Defendants interpret *Enquist* to bar all class-of-one claims where the defendant was exercising discretion, the holding is not applicable to this case. The allegation here is that Defendants falsely issued parking tickets, ticketing a vehicle that was not physically present at the location cited on the tickets. Such behavior is not a legitimate exercise of discretion. Defendants cannot reasonably

4

contend that it was within their discretion to issue such tickets. Thus, their alleged conduct was not protected under *Enquist*.

Additionally, in *Hanes v. Zurick*, 578 F.3d 491 (7th Cir. 2009) (*Hanes*), the Seventh Circuit considered and rejected the argument that *Enquist* bars all class-of-one claims against police officers. The court reasoned that police officers do not have the same level of discretion as public employers; whereas an employer "is entitled to make decisions based on factors that may be difficult to articulate and quantify, an officer must justify her decision to stop a suspect by pointing to articulable facts." *Id*. at 495. The court also reasoned that where the government acts as the sovereign rather than as an employer, constitutional constraints on the state action are "the norm" and that it is routine for courts to review the constitutionality of police action. *Id*. Thus, *Enquist* does not bar Plaintiff's class-of-one claim.

Defendants next argue that Plaintiff failed to properly plead that Defendants treated him differently than any similarly situated individual. While Plaintiff pleads generally that "Defendant Officers intentionally treated Plaintiff differently than others similarly situated," Amd. Compl. ¶ 110, Plaintiff does not identify these similarly situated individuals or describe their characteristics. The Seventh Circuit has explained that the requirement to allege and prove that "similarly situated" persons were treated differently is necessary to prevent class-of-one claims from constitutionalizing all tort law:

> The reason that there is a "similarly situated" requirement in the first place is that at their heart, equal protection claims, even "class of one" claims, are basically claims of discrimination. Even if McDonald was wronged here, we do not believe that he has shown the wrong to be discriminatory in nature. Every time an actor commits a tort, he may be treating the victim differently than he frequently treats others, simply because tortious conduct is by nature a departure from some norm. Nonetheless, the purpose of entertaining a "class of one" equal protection claim is

5

> not to constitutionalize all tort law nor to transform every claim for improper provision of municipal services or for improper conduct of an investigation in connection with them into a federal case. Therefore, we believe a meaningful application of the "similarly situated" requirement is important to avoiding a distortion of the scope of protection in "class of one" equal protection claims.

*McDonald*, 371 F.3d at 1009. Here, Plaintiff has failed to identify any similarly situated individual. Thus, he has failed to make out a constitutional claim of discrimination and cannot proceed under a class-of-one theory.

Therefore, Defendants' Motion to Dismiss Plaintiff's class-of-one equal-protection claim is granted.

*Substantive Due Process (Count II)*

Plaintiff argues that Defendants' actions violated his substantive due-process rights under the Fourteenth Amendment. Substantive due process "protects an individual from the exercise of governmental power without a reasonable justification." *Belcher v. Norton*, 497 F.3d 742, 753 (7th Cir. 2007) (*Belcher*). Where the actions of law enforcement are at issue, "a plaintiff's substantive due process rights are violated where the alleged abuse of government power 'shocks the conscience.'" *Id*. (quoting *Rochin v. California*, 342 U.S. 165, 172 (1952)). The Seventh Circuit has made clear that this is a high standard: "It is one thing to say that officials acted badly, even tortiously, but-and this is the essential point-it is quite another to say that their actions rise to the level of a constitutional violation." *Tun v. Whitticker*, 398 F.3d 899, 903 (7th Cir. 2005).

Here, the wrongful conduct allegedly committed by Defendants does not rise to the level necessary to shock the conscience. The harm alleged in this case is inconsequential in the context of requiring constitutional protection. Plaintiff has cited no cases in which conduct

comparable to receiving parking tickets, even if improperly issued, rises to the level of a violation of substantive due process. Furthermore, even if Defendants' behavior in this case did shock the conscience, Defendants' conduct would only be actionable if it "impinged a fundamental liberty interest." *Belcher*, 497 F.3d at 754 (citing *Washington v. Glucksberg*, 521 U.S. 702 (1997)). Plaintiff's Complaint is devoid of any such allegations.

Therefore, Defendants' Motion to Dismiss Plaintiff's substantive due-process claim is granted.

*Civil Conspiracy (Count III)*

Defendants argue that Plaintiff's civil conspiracy claim is that it cannot survive independent of Plaintiff's two other claims. As Defendants have prevailed on both of Plaintiff's other claims, Plaintiff's civil conspiracy claim also fails. *See Smith v. Village of Dolton*, 2010 WL 744313, at *4 (N.D. Ill. Feb. 25, 2010) (§ 1983 conspiracy claim cannot serve as an independent theory of liability if no other constitutional violation is present).

Therefore, Defendants' motion to dismiss Plaintiff's civil conspiracy claim is granted.

**CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss is granted.

Dated: 2/17/11

JOHN W. DARRAH
United States District Court Judge